UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERNON YATES and BARBARA YATES, Plaintiffs<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., Defendant. | 05 - 11681 PBS |

RECEIPT # 66243
AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 8/12/2005

MAGISTRATE JUDGE LTS

## NOTICE OF REMOVAL

**TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

FedEx Ground Package System, Inc. ("FedEx") files this Notice of Removal of the above-captioned action from Plymouth Superior Court, Plymouth County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of its Notice of Removal, FedEx states the following:

1. As it appears from Civil Action No. 05-00786 on file in the Plymouth Superior Court, Plaintiff filed a Complaint on July 8, 2005. A copy of the Summons and Complaint (with Civil Action Cover Sheet) are attached hereto as Exhibit 1.

2. FedEx was served with the Summons, Complaint, and Civil Action Cover Sheet in this action on July 18, 2005.

3. According to the Complaint, this is a personal injury case in which the plaintiff claims he sustained serious personal injury, including bilateral vision loss, as the result of a hazardous material spilling into his eye.

4. The amount in controversy, exclusive of interest and costs, exceeds $75, 000.00.

5. The plaintiffs are a resident of Brockton, Massachusetts.

6. FedEx is a Delaware corporation with its principal place of business in Pennsylvania.

7. Jurisdiction is founded on diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, given plaintiffs' alleged damages, exceeds $75,000.00. Based on the Civil Action Cover Sheet, to date, Vernon Yates' hospital and medical expenses are in the amount of $10,000.00 and his lost wages are in the amount of $20,000. According to Vernon Yates, he is totally disabled from his occupation as a truck driver and his lost wages continue to accrue. His wife is also seeking damages for loss of consortium.

8. This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

9. A stamped copy of this Notice of Removal will be filed with Plymouth Superior Court, Plymouth County, Commonwealth of Massachusetts, and served on counsel of record for the plaintiff pursuant to 28 U.S.C.§ 1446(d). A copy of the Notice of Removal to Plymouth Superior Court (without attachments) to be filed and served is attached as Exhibit 2.

WHEREFORE, FedEx prays for removal of the above-captioned matter from the Plymouth Superior Court, Plymouth County, Commonwealth of Massachusetts, to the United States District Court of Massachusetts.

**FEDEX GROUND PACKAGE SYSTEM, INC.**
**By its Attorneys,**

James M. Campbell (BBO# 541882)
Adam A. Larson (BBO# 632634)
Campbell Campbell Edwards & Conroy, P.C
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

**CERTIFICATE OF SERVICE**

I, Adam A. Larson, hereby certify that on August 12, 2005, a true copy of the above document was served upon plaintiff's counsel by First Class Mail:

Adam A. Larson

# EXHIBIT 1

AUG 04 2005 15:14 FR FEDEX GROUND AKRON 330 665 8522 TO 916172415115 P.03/07
JUL 15 2005 11:07 FR FEDEX GROUND LAW ENG 4128595450 TO AKRON P.05/09

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION
NO. PLCV2005-00786-B

Vernon Yates and Barbara Yates, Plaintiff(s)

vs.

Fedex Ground System Package, Inc., Defendant(s)

## SUMMONS

To the above-named defendant : Fedex Ground Package System, Inc. c/o CT Corporation Systems, 101 Federal Street, Boston

You are hereby summoned and required to serve upon Brian C. Dever, Esq. Keches & Mallen plaintiffs' attorney, whose address is 122 Dean Street, Taunton, MA 02780, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Brockton, the 13th day of July, in the year of our Lord ~~one thousand nine hundred and~~ 2005.

Francis R. Powers
CLERK.

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................, 19 ......, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ............

............

............

Dated: , 19 ............

N. B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

A true copy Attest: John Catto
7/18/05
Deputy Sheriff Suffolk County

| , 19 . |
|---|

Form 1

AUG 04 2005 15:15 FR FEDEX GROUND AKRON 330 665 8522 TO 916172415115 P.06/07
JUL 19 2005 11:08 FR FEDEX GROUND LAW ENG 4128595450 TO AKRON P.08/09

**CIVIL ACTION COVER SHEET**

**Superior Court Department**
County: Plymouth

PLAINTIFF(S): Vernon Yates and Barbara Yates

DEFENDANT(S): Fedex Ground Package System, Inc.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-822-2000
Brian C. Dever, Esq./Keches & Mallen, P.C.
122 Dean Street, Taunton, MA 02780
Board of Bar Overseers number: 544203

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other negligence-Personal Injury | (F ) | (X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ (est.) $ 5,000.00
2. Total Doctor expenses ........ (est.) $ 5,000.00
3. Total chiropractic expenses ........ $ .........
4. Total physical therapy expenses ........ $ .........
5. Total other expenses (describe) ........ $ .........

Subtotal $ .........

B. Documented lost wages and compensation to date ........ $ 20,000.00
C. Documented property damages to date ........ $ .........
D. Reasonably anticipated future medical and hospital expenses ........ $ .........
E. Reasonably anticipated lost wages ........ $ .........
F. Other documented items of damages (describe)

$ .........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

As a result of hazardous material spilling into his eyes, the Plaintiff has suffered eye injuries that have led to functional (psychogenic) bilateral vision loss. As a result, the Plaintiff has been totally disabled from his occupation as a truck driver since the date of the incident and therefore, has lost in excess of $20,000.00 and continuing in lost wages.

$ .........

TOTAL $ 30,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. .........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 7/8/05

**COMMONWEALTH OF MASSACHUSETTS**

**PLYMOUTH, SS.**

**TRIAL COURT OF MASSACHUSETTS**
**SUPERIOR COURT DIVISION**
**CIVIL ACTION NO:**

**VERNON YATES and**
**BARBARA YATES,**
**Plaintiffs**

**v.**

**FEDEX GROUND PACKAGE**
**SYSTEM, INC.,**
**Defendant**

**COMPLAINT AND JURY DEMAND**

1. The Plaintiff, Vernon Yates, is an individual residing at 664 Pleasant Street, Brockton, Plymouth County, Massachusetts.

2. The Plaintiff, Barbara Yates, is an individual residing at 664 Pleasant Street, Brockton, Plymouth County, Massachusetts.

3. At all times material herein, the Plaintiff's, Vernon Yates and Barbara Yates, were married as husband and wife.

4. The Defendant, Fedex Ground Package System, Inc. is a foreign corporation having a principle place of business at 410 Rouser Road, Coraopolis, Pennsylvania.

5. Jurisdiction over the person of the Defendant is proper pursuant to M.G.L. Chapter 233A, Section 3, because:

   (a) The Defendant's transacting business in the Commonwealth of Massachusetts;

   (b) The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

   (c) The Defendant's causing tortuous injury by an act or omission in the Commonwealth of Massachusetts; and/or

   (d) The Defendant's causing tortuous injury inside the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly doing or soliciting business, or engaging in any other persistent course of conduct,

or deriving substantial revenue from goods used or consumed, or services rendered, in the Commonwealth of Massachusetts, and set forth in M.G.L., Ch. 223, Subsection A, Section 3.

6. On or about May 7, 2004, the Plaintiff was working as a truck driver and was picking up a delivery load at the Fedex Ground Package System, Inc. location in Brockton, Plymouth County, Massachusetts.

**COUNT I**

7. The Plaintiff, Vernon Yates, repeats the allegations contained in paragraphs 1 through 6 as if realleged more fully herein.

8. On or about May 7, 2004 and at all times material herein, the Defendant, Fedex Ground Package System, Inc. had a duty to load the Plaintiff's delivery truck in a safe and proper manner. In addition, the Defendant, Fedex Ground Package System, Inc. had a duty to warn the Plaintiff of any packages in the delivery truck that contained dangerous and/or hazardous material.

9. On or about May 7, 2004, the Defendant Fedex Ground Package System, Inc. negligently breached said duty by failing to load the material in the delivery truck in a safe and proper manner and by failing to warn the Plaintiff of the presence of dangerous and/or hazardous material.

10. On or about May 7, 2004 as a direct and proximate result of said negligence of the Defendant, Fedex Ground Package System, Inc., the Plaintiff was caused to sustain serious personal injuries when he was sprayed in the eyes by dangerous and/or hazardous material from one of the packages in his delivery truck.

11. As a direct and proximate result of the Defendant, Fedex Ground Package System, Inc.'s negligence as alleged, the Plaintiff was caused to incur and continues to incur medical expenses, was caused and continues to lose time and income from his employment, and was caused to suffer and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

12. At all times material herein, the Plaintiff, Vernon Yates, was in the exercise of due care and free of all comparative negligence.

13. The Plaintiff, Vernon Yates, has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Vernon Yates, claims and demands judgment against the Defendant, Fedex Ground Package System, Inc. in the amount of his damages together with costs, interests, and reasonably attorney's fees.

THE PLAINTIFF, VERNON YATES, CLAIMS AND DEMANDS A TRIAL BY JURY ON THIS CAUSE OF ACTION.

**COUNT II**

1. The Plaintiff, Barbara Yates, repeats the allegations contained in paragraphs 1 through 13 as if realleged more fully herein.

2. As a direct and proximate result of the Defendant, Fedex Ground Package System, Inc.'s negligence as alleged, the Plaintiff, Barbara Yates, was caused to suffer and continues to suffer the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Barbara Yates, demands judgment against the Defendant, Fedex Ground Package System, Inc. in the amount of her damages together with costs, interests, and reasonable attorney's fees.

THE PLAINTIFF, BARBARA YATES, CLAIMS AND DEMANDS A TRIAL BY JURY ON THIS CAUSE OF ACTION.

Respectfully submitted,
The Plaintiff,
By his attorney,

Brian C. Dever
BBO #544203
Richard T. Mallen
BBO #315900
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508)822-2000

Date: July 8, 2005

# EXHIBIT 2

**COMMONWEALTH OF MASSACHUSETTS**

**PLYMOUTH, ss.**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

**VERNON YATES and BARBARA YATES,**
**Plaintiffs**

**v.**

**FEDEX GROUND PACKAGE SYSTEM, INC.,**
**Defendant.**

**DOCKET NO. 05-00786**

**NOTICE OF REMOVAL**

TO: Plymouth County Superior Court
Civil Clerk's Office
Court Street
Plymouth, MA 02360

Brian Dever, Esq.
Keches & Mallen, PC
122 Dean Street
Taunton, MA 02780

PLEASE TAKE NOTICE, that the defendant, FedEx Ground Package System, Inc. ("FedEx"), a Delaware Corporation with a principle place of business in Pennsylvania, has this day filed a Notice of Removal pursuant to 28 U.S.C. § 1332, containing a statement of facts which entitles them to remove the case to the United States District Court for the District of Massachusetts, together with a copy of all the pleadings in their possession.

**FEDEX GROUND PACKAGE SYSTEM, INC.**

**By its Attorneys,**

James M. Campbell (BBO# 541882)
Adam A. Larson (BBO# 632634)
Campbell Campbell Edwards & Conroy, P.C
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

**CERTIFICATE OF SERVICE**

I, Adam A. Larson, hereby certify that on August 12, 2005, a true copy of the above document was served upon the following by First Class Mail:

Brian C. Dever, Esq.
Keches & Mallen, PC
122 Dean Street
Taunton, MA 02780

Adam A. Larson

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
VERNON YATES AND BARBARA YATES

**(b)** County of Residence of First Listed Plaintiff: Plymouth County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian C. Dever, Keches & Mallen, P.C. 122 Dean Street, Taunton, MA 02780

**DEFENDANTS**
FEDEX GROUND PACKAGE SYSTEM, INC.

County of Residence of First Listed Defendant: Allegheny, Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
James M. Campbell and Adam A. Larson
Campbell Campbell Edwards & Conroy One Constitution Plaza,

05 11681 PBS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 USC Section 1332
Brief description of cause:
Personal injury case where plaintiff alleges he suffered injury as a result hazardous material spilling in his eye.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 8/12/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Vernon Yates and Barbara Yates v. FedEx Ground Package System, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

05 - 11681 PBS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐ NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐ NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐ NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑ NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☑ Central Division ☐ Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐ NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Adam A. Larson

ADDRESS Campbell Campbell Edwards & Conroy P.C. One Constitution Plaza, Boston, MA 02129

TELEPHONE NO. 617-241-3000

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. PLCV2005-00786-B

Vernon Yates and Barbara Yates, Plaintiff(s)

vs.

Fedex Ground System Package, Inc., Defendant(s)

SUMMONS

To the above-named defendant : Fedex Ground Package System, Inc. c/o CT Corporation Systems, 101 Federal Street, Boston

You are hereby summoned and required to serve upon Brian C. Dever, Esq. Keches & Mallen plaintiffs' attorney, whose address is 122 Dean Street, Taunton, MA 02780, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Brockton, the 13th day of July, in the year of our Lord ~~one thousand nine hundred and~~ 2005

Francis R. Powers
CLERK.

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................, 19 ......, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ........................

........................

........................

Dated: , 19 ........................

N. B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

A true copy Attest: John Cotto
7/1/05 Deputy Sheriff Suffolk County

| , 19 . |
|---|

Form 1

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

**CIVIL ACTION COVER SHEET**

**Superior Court Department**
County: Plymouth

PLAINTIFF(S)
Vernon Yates and Barbara Yates

DEFENDANT(S)
Fedex Ground Package System, Inc.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-822-2000
Brian C. Dever, Esq./Keches & Mallen, P.C.
122 Dean Street, Taunton, MA 02780
Board of Bar Overseers number: 544203

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other negligence-Personal Injury | (F ) | (X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ (est.) $ 5,000.00
2. Total Doctor expenses ........ (est.) $ 5,000.00
3. Total chiropractic expenses ........ $
4. Total physical therapy expenses ........ $
5. Total other expenses (describe) ........ $

Subtotal $ ........

B. Documented lost wages and compensation to date ........ $ 20,000.00
C. Documented property damages to date ........ $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ........ $
F. Other documented items of damages (describe)
$ ........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
As a result of hazardous material spilling into his eyes, the Plaintiff has suffered eye injuries that have led to functional (psychogenic) bilateral vision loss. As a result, the Plaintiff has been totally disabled from his occupation as a truck driver since the date of the incident and therefore, has lost in excess of $20,000.00 and continuing in lost wages.

$ ........
TOTAL $ 30,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 7/8/05

OTC-6 mtc005-11/99
A.O.S.C. 1-2000

**COMMONWEALTH OF MASSACHUSETTS**

**PLYMOUTH, SS.**

**TRIAL COURT OF MASSACHUSETTS**
**SUPERIOR COURT DIVISION**
**CIVIL ACTION NO:**

**VERNON YATES and BARBARA YATES,**
**Plaintiffs**

v.

**FEDEX GROUND PACKAGE SYSTEM, INC.,**
**Defendant**

**COMPLAINT AND JURY DEMAND**

1. The Plaintiff, Vernon Yates, is an individual residing at 664 Pleasant Street, Brockton, Plymouth County, Massachusetts.

2. The Plaintiff, Barbara Yates, is an individual residing at 664 Pleasant Street, Brockton, Plymouth County, Massachusetts.

3. At all times material herein, the Plaintiff's, Vernon Yates and Barbara Yates, were married as husband and wife.

4. The Defendant, Fedex Ground Package System, Inc. is a foreign corporation having a principle place of business at 410 Rouser Road, Coraopolis, Pennsylvania.

5. Jurisdiction over the person of the Defendant is proper pursuant to M.G.L. Chapter 233A, Section 3, because:

   (a) The Defendant's transacting business in the Commonwealth of Massachusetts;

   (b) The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

   (c) The Defendant's causing tortuous injury by an act or omission in the Commonwealth of Massachusetts; and/or

   (d) The Defendant's causing tortuous injury inside the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly doing or soliciting business, or engaging in any other persistent course of conduct,

or deriving substantial revenue from goods used or consumed, or services rendered, in the Commonwealth of Massachusetts, and set forth in M.G.L., Ch. 223, Subsection A, Section 3.

6. On or about May 7, 2004, the Plaintiff was working as a truck driver and was picking up a delivery load at the Fedex Ground Package System, Inc. location in Brockton, Plymouth County, Massachusetts.

**COUNT I**

7. The Plaintiff, Vernon Yates, repeats the allegations contained in paragraphs 1 through 6 as if realleged more fully herein.

8. On or about May 7, 2004 and at all times material herein, the Defendant, Fedex Ground Package System, Inc. had a duty to load the Plaintiff's delivery truck in a safe and proper manner. In addition, the Defendant, Fedex Ground Package System, Inc. had a duty to warn the Plaintiff of any packages in the delivery truck that contained dangerous and/or hazardous material.

9. On or about May 7, 2004, the Defendant Fedex Ground Package System, Inc. negligently breached said duty by failing to load the material in the delivery truck in a safe and proper manner and by failing to warn the Plaintiff of the presence of dangerous and/or hazardous material.

10. On or about May 7, 2004 as a direct and proximate result of said negligence of the Defendant, Fedex Ground Package System, Inc., the Plaintiff was caused to sustain serious personal injuries when he was sprayed in the eyes by dangerous and/or hazardous material from one of the packages in his delivery truck.

11. As a direct and proximate result of the Defendant, Fedex Ground Package System, Inc.'s negligence as alleged, the Plaintiff was caused to incur and continues to incur medical expenses, was caused and continues to lose time and income from his employment, and was caused to suffer and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

12. At all times material herein, the Plaintiff, Vernon Yates, was in the exercise of due care and free of all comparative negligence.

13. The Plaintiff, Vernon Yates, has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Vernon Yates, claims and demands judgment against the Defendant, Fedex Ground Package System, Inc. in the amount of his damages together with costs, interests, and reasonably attorney's fees.

THE PLAINTIFF, VERNON YATES, CLAIMS AND DEMANDS A TRIAL BY JURY ON THIS CAUSE OF ACTION.

**COUNT II**

1. The Plaintiff, Barbara Yates, repeats the allegations contained in paragraphs 1 through 13 as if realleged more fully herein.

2. As a direct and proximate result of the Defendant, Fedex Ground Package System, Inc.'s negligence as alleged, the Plaintiff, Barbara Yates, was caused to suffer and continues to suffer the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Barbara Yates, demands judgment against the Defendant, Fedex Ground Package System, Inc. in the amount of her damages together with costs, interests, and reasonable attorney's fees.

THE PLAINTIFF, BARBARA YATES, CLAIMS AND DEMANDS A TRIAL BY JURY ON THIS CAUSE OF ACTION.

Respectfully submitted,
The Plaintiff,
By his attorney,

Brian C. Dever
BBO #544203
Richard T. Mallen
BBO #315900
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508)822-2000

Date: July 8, 2005

# EXHIBIT 2

**COMMONWEALTH OF MASSACHUSETTS**

**PLYMOUTH, ss.**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

| | | |
|---|---|---|
| **VERNON YATES and BARBARA YATES,** Plaintiffs | ) | |
| | ) | **DOCKET NO. 05-00786** |
| v. | ) | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** **Defendant.** | ) | |

**NOTICE OF REMOVAL**

TO: Plymouth County Superior Court
Civil Clerk's Office
Court Street
Plymouth, MA 02360

Brian Dever, Esq.
Keches & Mallen, PC
122 Dean Street
Taunton, MA 02780

PLEASE TAKE NOTICE, that the defendant, FedEx Ground Package System, Inc. ("FedEx"), a Delaware Corporation with a principle place of business in Pennsylvania, has this day filed a Notice of Removal pursuant to 28 U.S.C. § 1332, containing a statement of facts which entitles them to remove the case to the United States District Court for the District of Massachusetts, together with a copy of all the pleadings in their possession.

**FEDEX GROUND PACKAGE SYSTEM, INC.**

**By its Attorneys,**

James M. Campbell (BBO# 541882)
Adam A. Larson (BBO# 632634)
Campbell Campbell Edwards & Conroy, P.C
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

**CERTIFICATE OF SERVICE**

I, Adam A. Larson, hereby certify that on August 12, 2005, a true copy of the above document was served upon the following by First Class Mail:

Brian C. Dever, Esq.
Keches & Mallen, PC
122 Dean Street
Taunton, MA 02780

Adam A. Larson